UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NADER GALAL,

                Plaintiff,                **COMPLAINT**

   -against-                      **JURY DEMAND**

TEIMURAZ SALIASHVILI;
GEORGIA MISSION TO THE UNITED NATIONS;
ERIE INSURANCE COMPANY;
ERIC XIAO KANG;
ZONGMIN ZHOU,

                Defendants.
-------------------------------------------------------------x

Plaintiff, Nader Galal, by his attorneys, Law Offices of Jason A. Greenberg P.C., complaining of defendants, Teimuraz Saliashvili, Georgia Mission to the United Nations, Erie Insurance Company, Eric Xiao Kang, and Zongmin Zhou, alleges, upon information and belief:

## THE PARTIES

1. That at all times herein mentioned, Plaintiff, Nader Galal, was, and still is, a resident of the County of Queens, State of New York.

2. That at all times herein mentioned, Plaintiff, Nader Galal, was the lawful seat-belted owner and operator of a 2013 Infinity motor vehicle, bearing State of New York License Plate Number KYS9760.

3. That at all times herein mentioned, Defendant, Teimuraz Saliashvili was a citizen of the foreign nation of Georgia.

4. That at all times herein mentioned, Defendant, Teimuraz Saliashvili was employed by the foreign nation of Georgia.

5. That at all time herein mentioned, Defendant, Teimuraz Saliashvili was employed as a vehicle driver by the foreign nation of Georgia.

6. That at all times herein mentioned, Defendant, Teimuraz Saliashvili was employed by the Defendant Georgia Mission to the United Nations (hereinafter, "Georgia Mission") located at 1 United Nations Plaza, 26th Floor, New York, New York 10017.

7. That at all times herein mentioned, Defendant, Teimuraz Saliashvili was employed by Defendant Georgia Mission as a vehicle driver.

8. That at all times herein mentioned, Defendant Georgia Mission is an agency or instrumentality of the foreign nation of Georgia.

9. That at all times herein mentioned, Defendant Georgia Mission owned a 2022 Lexus motor vehicle, bearing Diplomat plate number 0001 KED issued by the United States of America Department of State.

10. That at all times herein mentioned, Defendant Teimuraz Saliashvili operated the said 2022 Lexus in the course of his employment for Defendant Georgia Mission.

11. That at all times herein mentioned, Defendant Teimuraz Saliashvili operated the said 2022 Lexus with the permission and consent of Defendant Georgia Mission.

12. That at all times herein mentioned, Defendant, Erie Insurance Company (hereinafter, "Erie"), is a foreign corporation, duly incorporated in the Commonwealth of Pennsylvania, located at 100 Erie Insurance Place, Erie, PA 16530.

13. That at all times herein mentioned, Defendant Erie is the auto insurer for the said 2022 Lexus vehicle owned by Defendant Georgia Mission.

14. That at all times herein mentioned, Defendant Eric Xiao Kang resided at 2 Second Street, Apt. 3905, Jersey City, NJ 07302.

15. That at all times herein mentioned, Defendant Eric Xiao Kang was the operator of a 2021 Tesla motor vehicle, bearing New Jersey plate number S84 NXH.

16. That at all times herein mentioned, Defendant Zongmin Zhon resided at 262 Luton Way, Somerset, NJ 08873.

17. That at all times herein mentioned, Defendant Zongmin Zhon owned the said 2021 Tesla motor vehicle, bearing New Jersey plate number S84 NXH.

18. That at all times herein mentioned, Defendant Eric Xiao Kang had the permission and consent of Defendant Zongmin Zhon to operate the said 2021 Tesla vehicle.

## JURISDICTION

19. This court has jurisdiction over this action pursuant to 28 U.S.C. 1332, i.e., diversity of citizenship. All parties are citizens of different states. The amount in controversy exceeds $75,000.00.

20. This court has jurisdiction over this action pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. 1330, 1602 et seq., which, *inter alia*, provides that the victim of a motor vehicle accident may maintain an action against a foreign state, and its agents and instrumentalities, see, 28 U.S.C. 1605(a)(5).

21. This court has jurisdiction over this action pursuant to the Diplomatic Relations Act of 1978, 22 U.S.C. 254a et seq., and 28 U.S.C. 1364. The Act requires, at 28 U.S.C. 254e(c), that foreign missions, such as Defendant Georgia Mission, carry liability insurance on the motor vehicles they own and operate. The Act additionally provides that direct actions against companies which maintain auto liability insurance for foreign missions may be maintained in federal district courts, see, 28 U.S.C. 1364.

## VENUE

22. Venue in this action is proper, pursuant to 28 U.S.C. 1391.  The events of this action occurred primarily within the County and State of New York, and Defendant Georgia Mission resides in the County and State of New York.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS TEIMURAZ SALIASHVILI, GEORGIA MISSION, ERIC XIAO KANG, and ZONGMIN ZHOU**

23. That on September 9, 2025, plaintiff Galal was operating his Infinity motor vehicle on Third Avenue, in a northbound direction, approaching East 40th Street, in New York, New York.

24. There are four northbound travel lanes on Third Avenue, and plaintiff Galal, approaching the intersection of Third Avenue and East 40th Street, was operating his vehicle in the far right travel lane.

25. The intersection of Third Avenue and East 40th Street was controlled by a traffic light.

26. As the traffic light at the intersection was red, plaintiff Galal brought his vehicle to a stop.

27. Defendant Kang was operating his Tesla vehicle on Third Avenue approaching the East 40th Street intersection, behind plaintiff Galal's vehicle.

28. Defendant Saliashvili was operating his Infiniti vehicle on Third Avenue approaching the East 40th Street intersection, behind defendant Kang's vehicle, which was behind plaintiff Galal's vehicle.

29. Defendant Saliashvili's vehicle rear-ended defendant Kang's vehicle.

30. The collision between the Defendants' Saliashvili and Kang vehicles caused one and/or both of those vehicles to collide with plaintiff Galal's vehicle which was stopped for the red traffic light.

31. That as a result of the aforesaid collision(s), the Plaintiff, Nader Galal, was seriously injured.

32. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, careless and/or reckless action of the Defendant Saliashvili, without any fault or negligence on the part of the Plaintiff contributing thereto.

33. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, careless and/or reckless action of the Defendant Kang, without any fault or negligence on the part of the Plaintiff Galal contributing thereto.

34. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, careless and/or reckless action(s) of the Defendant, Georgia Mission, in the ownership, maintenance, management, supervision, repair and/or control of the aforementioned vehicle, operated by Defendant Saliashvili, without any fault or negligence on the part of the Plaintiff contributing thereto.

35. That the aforesaid occurrence was caused wholly and solely by reason of the negligence, careless and/or reckless action(s) of the Defendant, Zhou, in the ownership, maintenance, management, supervision, repair and/or control of the aforementioned vehicle, operated by Defendant Kang, without any fault or negligence on the part of the Plaintiff contributing thereto.

36. The Defendants, their agents, servants, employees, contractors and/or subcontractors

were negligent, careless, and/or reckless in their ownership, operation, management, maintenance, supervision, hiring, retention, supervision, repair and/or control of the aforementioned motor vehicles; in failing to keep the vehicles under proper, prudent and reasonable control; in operating the said motor vehicles at an excessive and unlawful rate of speed under the conditions and circumstances prevailing at, or prior to, the said occurrence; in failing to give the plaintiff the right of way; in failing to keep a proper lookout; in failing to maintain a proper and safe distance from plaintiff and each other; in failing to maintain a proper and safe distance from plaintiff's vehicle and each other; in striking plaintiff's vehicle; in failing to see and observe the roadway; in failing to observe plaintiff; in failing to apply the brakes; in failing to give any sign, signal and/or warning of the approach of the motor vehicles; in causing the said motor vehicles to collide and/or come into contact with plaintiff's vehicle; in failing to comply with the statutes and/or ordinances pertaining to vehicular traffic on the highways and/or streets, including but not limited to New York State Vehicle & Traffic Law sect. 1129(a), entitled, "Following too closely"; in failing to avoid this collision, although Defendants had a full opportunity to avoid same; in failing to take adequate, reasonable and/or proper evasive maneuvers to avoid contact between Defendants' motor vehicles and plaintiff; in failing to operate Defendants' motor vehicles with due regard for the safety of others; in failing to observe what was available to be observed; in operating Defendants' motor vehicles at a fast and/or excessive rate of speed and in a manner contrary to and in violation of the statutes, rules, regulations and/or ordinances provided; in failing to make prompt and timely use of brakes and steering mechanisms; in failing to have adequate and efficient brakes; in failing to have adequate and sufficient tires; in

operating Defendants' motor vehicles in such a negligent manner so as to precipitate the aforesaid accident; in failing to slow down Defendants' motor vehicles; in failing to observe signs, signals and/or traffic-control devices prevailing at the time and place of the occurrence; and in otherwise being negligent, careless and/or reckless in the ownership, operation, management, maintenance, supervision, hiring, retention, supervision, repair and control of Defendants' motor vehicles. Defendants were negligent, careless and reckless in the ownership, management, maintenance, supervision and control of their aforesaid vehicle and Defendants were otherwise negligent, careless and/or reckless under the circumstances then and there prevailing.

37. That by virtue of said collision, Plaintiff sustained, serious, and severe personal injuries, including but not limited to a fractured left radius within the elbow region, and additional injuries, as defined in §5102(d) of New York State Insurance Law; has been rendered sick, sore, lame and disabled; sustained loss of enjoyment of life; sustained lost earnings; sustained injuries of a permanent and lasting nature; was compelled to undergo additional medical treatment, and may require future surgeries; suffered pain and discomfort; suffered, still suffers, and will continue to suffer severe distress of body and mind; has been compelled to and has necessarily expended sums of money and incurred expenses in connection with his injuries, and property damage; and in the future, will necessarily pay for medical care and attention, medicine, and other expenses as a result of the foregoing, and aggravation of any and all preexisting conditions.

38. That by virtue of said collision, the Plaintiff, sustained economic loss greater than that as defined in §5102(a) and §5104 of the Insurance Law of the State of New York.

39. That as a result of the foregoing, Plaintiff, Nader Galal, has been damaged.

40. Defendants have breached their duties of care to plaintiff.

41. Defendants' breaches of their duties have proximately caused plaintiff's damages.

42. Defendants are liable to plaintiff.

43. That the vehicle owner Defendant Georgia Mission is vicariously liable pursuant to New York State Vehicle & Traffic Law 388.

44. That the vehicle owner Defendant Zhou is vicariously liable pursuant to New York State Vehicle & Traffic Law 388.

45. That this action falls within one or more of the exceptions set forth in CPLR §1602.

**AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANT ERIE**

46. Plaintiff repeats, and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as though fully set forth at length herein.

47. Pursuant to the aforesaid Diplomatic Relations Act of 1978, and 28 U.S.C. 1364, Defendant Erie is liable for plaintiff's damages.

**WHEREFORE**, Plaintiff Nader Galal**,** demands Judgment against all Defendants, jointly and/or severally, for all claims for relief, in a sum of money that compensates the Plaintiff for his damages, together with interest, costs, and the disbursements of this action.

Dated:  January 21, 2026

                                          Law Offices of Jason A. Greenberg, P.C.

                                          By:       /s/  *Elliot Pasik*
                                          _____
                                          Elliot Pasik, Esq.
                                          Attorneys for Plaintiff **NADER GALAL**
                                          30 South Ocean Avenue, Suite 205
                                          Freeport, NY  11520
                                          Phone: 516-730-5047
                                          Fax: 516-450-3501
                                          info@jaglawgroup.com; epasik@jaglawgroup.com

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NASSAU     )

**Elliot Pasik,** an attorney duly admitted to practice law before this Court, declares the following to be true under penalties of perjury, pursuant to 28 U.S.C. 1746:

That I am the attorney for the Plaintiff, **NADER GALAL,** in the within action.

That the **COMPLAINT** is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The claims have legal merit, and factual support. The claims are not frivolous.

That the basis for the truth of the foregoing statements is conversations the office has had with the Plaintiff, the file in this matter, and investigations made, and information received by this office while acting as attorney for the Plaintiff.

Dated: Freeport, New York
       January 21, 2026

/s/ *Elliot Pasik*
_____
**ELLIOT PASIK, ESQ.**

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NADER GALAL,

                Plaintiff,                **COMPLAINT**

      -against-                    **JURY DEMAND**

TEIMURAZ SALIASHVILI;
GEORGIA MISSION TO THE UNITED NATIONS;
ERIE INSURANCE COMPANY;
ERIC XIAO KANG;
ZONGMIN ZHOU,

                Defendants.
------------------------------------------------------------------x

**SUMMONS AND VERIFIED COMPLAINT**

# LAW OFFICES OF JASON A. GREENBERG, P.C.

**ATTORNEYS FOR PLAINTIFF NADER GALAL**
**30 S. OCEAN AVENUE, SUITE 205**
**FREEPORT, NEW YORK 11520**
**P: 516-730-5047**
**F: 516-450-3501**
**E: INFO@JAGLAWGROUP.COM**